(No. 3867— )

ROBERT ROBINSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

LOUIS N. BLUMENTHAL, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed July 14, 1944, and the record completed October 30, 1944.

The record consists of the Statement of Claim, Transcript of Evidence, Departmental Report, Stipulation, and Waiver of Statement, Brief and Argument by Claimant and Respondent.

Claimant alleges that on July 19, 1943, he was employed at the Chicago State Hospital by the Department of Public Welfare, State of Illinois, as an attendant; that on said date claimant was injured by reason of an accident arising out of and in the course of his employment; that while in the performance of his duties he slipped and fell, and thereby sustained a colles fracture of his left arm, resulting in permanent injury to the extent of 25% permanent loss of the use of said arm.

Claimant asks for compensation for total temporary disability from July 19, 1943, until February 9, 1944, and compensation for permanent impairment of the loss

of use of his left arm. Claimant received medical care and his salary for the months of July and August of 1943.

The period in which claimant was totally disabled is not clear from the record. The only evidence bearing on this point is the question asked of claimant—

"Q. You were totally unemployed from the time of the accident until when,
A. February 9th."

The Departmental Report states:

"This employee was off duty from July 19th to August 19th because of a duty connected injury for which he was paid $105.00. He then received a paid vacation from August 19th to September 1st inclusive. A Leave of Absence was granted him from September 2nd to October 4th inclusive. He was then on duty from October 5th to October 9th inclusive and he resigned on October 10th."

From this evidence, it does not appear when claimant was physically able to resume his duties, and in the absence of such proof, no award for claimant's total disability can be made.

Claimant was examined by Dr. George N. Beecher and Dr. Benjamin Cohen, who testified that claimant sustained a colles fracture of the left wrist, which fracture resulted in the loss of the functional use of claimant's left forearm in flexion, supination and rotation to the extent of approximately 25% of said extremity, and that, based upon the various x-rays, examination, treatment and reasonable medical certainty, said disability is permanent.

No jurisdictional question is involved, and claimant is entitled to the benefits of the Workmen's Compensation Act. Section 8, Paragraph E provides for the loss of an arm or the permanent and complete loss of its use, 50% of the average weekly wage during 225 weeks.

Claimant is, therefore, entitled to compensation for 25% permanent loss of the use of his left arm, or $14.23 for 56¼ weeks. Claimant's average weekly wage at the time of the injury was $24.23, 50% of which is $12.11, increased 17½% (Sec. 8, Par. M), or a total of $14.23. Claimant is entitled to have and receive from respondent compensation for 56¼ weeks at $14.23 per week, or a total of $800.44.

An award is therefore entered in favor of claimant, Robert Robinson, in the sum of $800.44, all of which is accrued and is payable forthwith.

` This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''